[Civ. No. 20026.    First Dist., Div. One.    Jan. 9, 1962.]

STATE OF CALIFORNIA, SUBSEQUENT INJURIES FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, ERNEST H. BUSCH et al., Respondents.

Stanley Mosk, Attorney General, Harold Haas, Assistant Attorney General, B. Franklin Walker and C. Gordon Taylor, Deputy Attorneys General, for Petitioner.

Everett A. Corten and Emily B. Johnson for Respondents.

SULLIVAN, J.—This is a proceeding to review an award of the Industrial Accident Commission of compensation benefits from the Subsequent Injuries Fund to Ernest H. Busch, an injured employee.

Busch sustained an industrial injury to his right foot, leg, arm and elbow on October 5, 1954, while employed as a roofer by the Sun Roofing and Modernizing Company. He had previously sustained an industrial injury to his left wrist in 1949 and to his left foot in 1951. Each of these earlier injuries resulted in permanent partial disability, for which he received compensation benefits after proceedings taken before the respondent commission.

In connection with the 1954 injury the employer voluntarily paid compensation to Busch for temporary disability for the period from October 6, 1954, to and including May 12, 1959, and thereafter advanced payments to him in the sum of $1,020 on account of permanent disability.[1] During this time the employer also voluntarily furnished medical treatment to him.

On December 3, 1959, Busch filed an application for compensation against the above employer and petitioner Subsequent Injuries Fund. This application was filed *more than five years from* the date of the injury but *within one year* from the last payment of compensation. It sought a determination of disability both for permanent disability and medical treatment. Petitioner Subsequent Injuries Fund pleaded the statute of limitations upon the contention that, as to petitioner, the application for compensation having been filed more than five years from the date of the injury, was barred by the provision of section 5410 of the Labor Code. The commission found that the injury of October 5, 1954, caused permanent disability of 63¼ per cent and together with preexisting permanent partial disability of 16½ per cent, caused combined permanent disability of 79¾ per cent; found that the application filed December 3, 1959, was not barred by the statute of limitations; and made an award in favor of Busch and against petitioner Subsequent Injuries Fund.[2]

Petitioner contends here, as it did before the commission, that since Busch received voluntary payments of compensation for temporary disability during the five years following the date of injury, his claim against petitioner constituted a claim for "new and further disability" and, having been filed more than five years after the date of injury, was barred by the

---

[1]Permanent disability advancements appear to have been made more than five years after the injury.

[2]An award was also made against the employer's carrier State Compensation Insurance Fund for permanent disability indemnity and further medical treatment. It is not involved here.

provisions of section 5410 of the Labor Code. The foregoing conclusion, runs petitioner's argument, is not defeated, and the case at bench is not governed, by the decision of this court in *Subsequent Injuries Fund* v. *Industrial Acc. Com. (Ferguson)* 178 Cal.App.2d 55 [2 Cal.Rptr. 646] (where an application for compensation was also filed more than five years after the injury) because in *Ferguson* during the five-year period after the injury, no compensation had been voluntarily paid, although medical treatment had been voluntarily furnished. The respondent commission[3] contends that section 5405 rather than 5410 of the Labor Code applies to the claim before us, that the claim was therefore timely filed and that the case before us is governed by the principles enunciated by this court in *Ferguson.*

We are, therefore, presented with the question whether the limitation prescribed by section 5410 or that prescribed by section 5405 of the Labor Code applies to an application for compensation against petitioner fund filed more than five years after the date of the injury, where both disability compensation and medical treatment were voluntarily paid and furnished during the said five-year period.

The problem at hand derives from the fact that the application of the injured employee seeks three different types of benefits provided for in chapter 2 of part 2 of the Labor Code: (1) medical and hospital treatment (art. 2 of ch. 2, §§ 4600-4605); (2) disability payments (art. 3 of ch. 2, §§ 4650-4663); and (3) subsequent injuries payments (art. 5 of ch. 2, §§ 4750-4755). The first two classes of benefits are furnished and paid by the employer. The disability payments are sometimes referred to as "normal compensation." (See *Subsequent Injuries Fund* v. *Industrial Acc. Com. (Patterson)*, 39 Cal.2d 83, 92 [244 P.2d 889]; *Subsequent Injuries Fund* v. *Industrial Acc. Com. (Ferguson), supra,* 178 Cal.App.2d 55, 58-61.) The last benefits are paid not by the employer but from a public fund appropriated for such purpose (Lab. Code, § 4754).

Proceedings to recover compensation benefits are subject to statutes of limitations prescribed in chapter 2 of part 4 of the code, entitled "Limitations of Proceedings" (§§ 5400-5412). Section 5405 prescribes the limitation for the recovery of

---

[3] The respondent *Busch* filed no answer to the petition for writ of review. Hereafter all references to respondent will mean the respondent commission.

normal compensation. Section 5410 prescribes the limitation for compensation ''upon the ground that the original injury has caused new and further disability.'' No section either in chapter 2 or any other part of the code specifically prescribes a period of limitation for proceedings for the recovery of subsequent injuries benefits.

Section 5405 provides: ''The period within which may be commenced proceedings for the collection of the benefits provided by Articles 2 or 3, or both, of Chapter 2 of Part 2 of this division is one year from: (a) The date of injury; or (b) The expiration of any period covered by payment under Article 3 of Chapter 2 of Part 2 of this division; or (c) The date of last furnishing of any benefits provided for in Article 2 of Chapter 2 of Part 2 of this division.''

Section 5410 provides: ''Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period. This section does not extend the limitation provided in Section 5407.''[4]

Two points are clear at the outset: First, section 5410 does not by its terms refer to the recovery of subsequent injuries benefits under section 4751; secondly, section 4751 does not by its terms refer to section 5410.[5] Nevertheless, section 5410 has been held applicable to proceedings to recover subsequent injuries benefits. (*Subsequent Injuries Fund* v. *Industrial Acc. Com. (Patterson)*, *supra*, 39 Cal.2d 83; *Subsequent Injuries Fund* v. *Industrial Acc. Com. (Pranzitelli)*, 151 Cal. App.2d 606 [312 P.2d 78]; *State* v. *Industrial Acc. Com. (Clubb)*, 155 Cal.App.2d 288 [318 P.2d 34].) As this court pointed out in *Subsequent Injuries Fund* v. *Industrial Acc. Com. (Ferguson)*, *supra*, section 5410 was held applicable in the above cases as a statute of limitations for such proceedings for the recovery of subsequent injuries benefits ''on the theory that the application for benefits from the fund constituted in the words of section 5410 'a new and further disability' as

---

[4] Section 5407 prescribes a special limitation period for claims based on the employer's serious and wilful misconduct. It is not applicable here.

[5] The enactment of section 5410 antedated that of the subsequent injuries statute in 1945. Section 5410 was amended in 1949 but only to enlarge its limitations period from 245 weeks to five years.

regards any *award* made on an *application* against the employer for normal compensation'' (p. 58 of 178 Cal.App.2d; emphasis added). In all of the cases referred to—i.e., *Patterson, Pranzitelli* and *Clubb*—there had been an *award* (in the *Clubb* case an approved compromise and release) made on such an *application* against the employer for normal compensation.

In the *Ferguson* case, the industrial injury occurred on May 7, 1951. The employer voluntarily furnished medical treatment prior to May 7, 1956 (five years after the injury) and thereafter until June 5, 1958. After the expiration of the above five-year period, the employer voluntarily paid disability compensation for temporary disability covering the period through May 17, 1953. On June 20, 1958, more than five years from the date of injury, but within one year from the last furnishing of medical treatment, Ferguson filed an application against his employer and the Subsequent Injuries Fund in which he sought not only determination of his disability and normal compensation but also subsequent injuries payments. This was the first time that Ferguson brought any proceeding to collect normal compensation. Upon a finding of total permanent disability, including a preexisting permanent disability, the commission made an award against the employer's carrier for normal compensation and against the Subsequent Injuries Fund for subsequent injuries payments.

This court affirmed the award holding that the application sought compensation not for a ''new and further disability'' but for ''the'' disability, resulting from the original injury, and that the employee's right to subsequent injuries payments being ''geared to his application for normal compensation benefits'' (p. 59 of 178 Cal.App.2d), his time to apply for the former was extended commensurately with his time to apply for the latter. We held, therefore, that since his application for normal compensation was timely filed within one year of the last furnishing of medical treatment (although more than five years from the date of the injury) within the terms of subdivision (c) of section 5405, such section and subdivision applied by implication and section 5410 did not apply.

Presiding Justice Bray, writing for this court, stated: ''As 5410 only applies to new and further disability proceedings it cannot apply to *the* disability proceeding. That is the reason that the court in the *Patterson* case, *supra*, stated, 'The operation of section 5410 is, of course, dependent upon the

commencement of a *proceeding* to collect normal compensation. . . .' (P. 92; emphasis added.) In using this language the Supreme Court evidently felt that unless a timely proceeding for normal compensation had been filed against the employer, any benefit sought from the fund would not constitute 'a new and further disability,' thereby evidencing an intention to gear the employee's right to a benefit from the fund to a proper proceeding against the employer, even though in effect the employer is not interested in what the employee receives from the fund, or the fund in what the employee receives from the employer. Here there was not in the five-year period from the employee's injury any *proceeding* against the employer to which to gear a proceeding against the fund. . . . Section 5405 by its terms does not relate to the benefits provided by section 4751, being expressly limited to another portion of the code which deals exclusively with proceedings for medical treatment and benefits from the employer. However, in view of the necessity of relating disability claims against the employer with claims against the fund, it necessarily follows that the Legislature intended that where section 5410 does not apply because *no application against the employer has been made* within the time *therein* specified, the employee's time to file against the fund is *commensurate with* his time to file against the employer. Thus, just as section 5410 does not expressly refer to proceedings against the fund but has been held to apply to those proceedings under certain circumstances, so here, although section 5405 does not expressly refer to proceedings against the fund, it necessarily must be held that the latter section must apply to proceedings against the fund under circumstances where the time of limitation of proceedings to which it is *geared* is extended." (Pp. 59-60 of 178 Cal.App.2d; emphasis added.)

The Attorney General contends, however, that the *Ferguson* case is inapplicable to the case before us because of a "crucial factual distinction," namely that in *Ferguson* no compensation for temporary or permanent disability was paid during the five-year period after the date of injury, whereas in the case before us, Busch received voluntary payments of compensation during such period. He contends that in the *Ferguson* case, the concurrent claims for normal compensation and for subsequent injuries payments were not brought to determine a new and further disability, there being neither award nor voluntary payment of compensation, but to determine "the" disability; therefore, section 5410 did not apply. But in the

case before us, since there was voluntary payment of compensation, so runs his argument, section 5410 does apply.

We have concluded that the *Ferguson* case is determinative of the problem before us and that the foregoing contention of the Attorney General is without merit.

Both cases present remarkably similar factual bases. In *Ferguson*, the application joining both the employer and the Subsequent Injuries Fund was the first time a "proceeding" was brought by the employee to have disability determined. The application was filed more than five years after the date of injury but within one year of the last furnishing of medical treatment. In the case before us, the application joining both the employer Sun Roofing and Modernizing Company and the Subsequent Injuries Fund was the first time a "proceeding" was brought by Busch to have disability determined. Busch's application was filed more than five years after the date of injury but within one year of the last payment of disability indemnity. In each case, during the five year period after the injury, the employer voluntarily furnished medical treatment; in each, the employer voluntarily paid disability indemnity, although in *Ferguson* it appears to have been paid after the expiration of the five years covering a period within the five years. In each case, the employee brought a proceeding for the first time to have disability determined.[6] In each case, his proceeding against the fund was "geared to" his proceeding for normal compensation against the employer. In each case, the employee's application for normal compensation was timely filed: In *Ferguson*, within one year of the last furnishing of medical treatment (within the period prescribed by § 5405, subd. (c)) and in the case before us, within one year of the last payment of compensation (within the period prescribed by § 5405, subd. (b)). Thus it is clear that in each case, the application is filed within one year of the last compensation benefits, the only difference being that in *Ferguson* such benefits were medical treatment and in the case before us they are disability indemnity payments.

We find nothing in section 5405 establishing any priority or difference of degree among the subdivisions thereof. Subdivision (b) covering disability indemnity and subdivision (c)

---

[6]In *Ferguson, supra,* the record shows that the official printed application was to determine liability for permanent disability, medical treatment, litigation expense and benefits for (sic) subsequent injuries fund. In the case at bench, the same form of printed application was to determine liability for permanent disability, medical treatment and litigation expense.

covering medical treatment are of equal rank in prescribing the same one-year limitation period in relation to different events. The purpose of both subdivisions is to protect the employee, as was well expressed by Justice Wood for this court in *State* v. *Industrial Acc. Com. (Clubb), supra,* at page 290 of 155 Cal.App.2d: "There is good reason for tolling the running of time against a claim for compensation from an employer for medical treatment or for disability payments during the time, if any, that the employer voluntarily furnishes such treatments or makes such payments. He should not be suffered, by rendering such service, to lull the employee into a false sense of security and then, more than a year from the injury, invoke the statute. Such an injustice section 5405 effectively prevents."

It would be inconsistent and illogical for this court to hold as it did in *Ferguson, supra,* that Ferguson's time to file against the Subsequent Injuries Fund was commensurate with his time to file against his employer, and to hold here that for Busch it was not commensurate. It would be making an unfounded distinction between the subdivisions of section 5405 for this court to hold in *Ferguson* that since Ferguson's application for normal compensation was timely filed within subdivision (c) of section 5405, such subdivision (c) applied by necessary implication in Ferguson's proceedings against the fund, and to hold here that although Busch's application for normal compensation was timely filed within subdivision (b) of section 5405, such subdivision (b) did not similarly apply to Busch's proceeding against the fund.

That the court in *Ferguson* felt that its rationale in that case was applicable equally to subdivision (b) as well as to subdivision (c) of section 5405 appears from the following language: "It would be rather absurd to hold that although the employee's right to benefits from the fund is geared to his application for normal compensation benefits, and his time to apply for the latter is extended by reason of section 5405, *subdivisions (b) and (c)* to a period beyond the five years expressed in section 5410, and beyond the one-year limit expressed in section 5405, subdivision (a), yet his time to proceed against the fund is limited to the five years expressed in section 5410." (P. 59 of 178 Cal.App.2d; emphasis added.)

Contrary to the Attorney General's contention, the voluntary payment by Busch's employer of disability indemnity during the five years after the date of injury does not prevent the application of subdivision (b) of section 5405 to the pro-

ceedings against the fund or make compulsory the application of section 5410. Busch does not prosecute his claim for normal compensation under section 5410 but under section 5405. He invokes the *original* not the *continuing* jurisdiction of the commission.

■ The power of original decision invested in the Industrial Accident Commission is unrestricted by any limitations of time other than that set forth by sections 5400-5412 of the Labor Code. The commission therefore can make a valid decision on an original claim any number of years after the injury if the original proceedings are commenced within the time prescribed by section 5405, and quite apart from a consideration of a waiver of the statute. ■ A claim filed after five years from the date of injury in a previously unadjudicated case, is not subject to the commission's *continuing* jurisdiction. It is subject to the commission's *original* jurisdiction. (*Ocean Acc. & Guar. Corp., Ltd.* v. *Industrial Acc. Com.* (*Pavlovich*), 90 Cal.App. 725 [266 P. 556]; 1 Hanna, The Law of Employee Injuries and Workmen's Compensation, p. 82.)

In the *Pavlovich* case, *supra,* the employer's insurance carrier voluntarily paid compensation for 244 weeks after the injury which occurred on September 1, 1922. *Pavlovich* filed an application for adjustment of claim on June 7, 1927, within six months of the last payment of compensation but after 245 weeks from the date of injury.[7] The commission found that " 'the injury caused permanent disability which is a new and further disability, and this action is not therefore barred within 245 weeks from the date of the injury, compensation having been paid thereon' " (p. 726 of 90 Cal.

---

[7] The relevant provisions of the Workmen's Compensation Act of 1917 then in effect provided: ''Section 11 (c): The payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment; *provided, however,* that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within 245 weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; and the jurisdiction of the commission, in such cases, shall be a continuing jurisdiction at all times within such period; . . .''

The first part of the above quoted section is superseded by present section 5405 of Labor Code, the proviso clause by section 5410. Effective October 1, 1949, section 5410 was amended to increase the jurisdictional period from 245 weeks to five years.

App.) and made an award in favor of the employee. Upon proceedings to review the award, the employer's carrier contended that every claim for a new and further disability must be filed with the commission within 245 weeks of the date of injury, that the provisions of the statute extending the time for filing an application for six months from the date of last payment of voluntary compensation did not apply, and that the claim for permanent disability being for a new and further disability, was barred. The court upheld the award, stating: "Under these circumstances there should result and there reasonably does result, under the provisions of section 11(c), an extension for six months, from the last payment of such compensation, of the time within which application for adjustment of compensation might be made, even though said period of six months, extending beyond the limits of 245 weeks from the date of the accident. This construction of the statute is in harmony with the provisions of the constitution and of the statute, both of which seem to call for a liberal construction of the compensation act, 'with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment.' " (P. 729 of 90 Cal.App.)

Hanna, *supra*, in his above entitled work on employee injuries, states the principle under the Labor Code sections now in effect: "Thus claims may be presented and adjudicated more than five years after injury (1) under the provisions of Labor Code section 5405, where benefits have been voluntarily furnished to a date less than one year preceding the date of filing claims; . . . Where a decision is issued under Labor Code section 5405 more than five years after injury, no continuing jurisdiction arises or remains thereafter. The Commission in such a case exhausts all of its jurisdiction, both original and continuing, with the issuance of the first decision and any reconsideration thereof." (P. 82.)

Busch's claim for normal compensation, like the claim of *Pavlovich,* sought permanent disability indemnity after Busch, also like *Pavlovich,* had received voluntary payments of temporary disability indemnity and, in addition, permanent disability advancements. Busch's claim for normal compensation, like that of *Pavlovich,* invokes the original jurisdiction of the commission and not its continuing jurisdiction. The continuing jurisdiction of the commission had never arisen in this heretofore unadjudicated case and indeed had been exhausted before the claim was filed. Busch's claim was timely

filed under subdivision (b) of section 5405. It was never subject to section 5410. It is equally clear for the reasons stated by this court in *Ferguson*, and heretofore in this opinion, that Busch's claim against the Subsequent Injuries Fund, being *geared* to his claim for normal compensation, is also subject to the application of subdivision (b) of section 5405, and is also not barred.

What we have said above does no violence to our holding in the *Ferguson* case. We there observed that, in the absence of any Labor Code section prescribing a period of limitations for proceedings against the Subsequent Injuries Fund, section 5410 had been held applicable to such proceedings taken in *Subsequent Injuries Fund* v. *Industrial Acc. Com.* (*Patterson*), *supra*, *State* v. *Industrial Acc. Com.* (*Clubb*) *supra*, and *Subsequent Injuries Fund* v. *Industrial Acc. Com.* (*Pranzitelli*), *supra*. We did not declare in *Ferguson*, nor do we now, that section 5410 is under relevant precedents, or should be, at all times and in all proceedings so applicable.

The reason for the application of section 5410 in those three cases is quite apparent. In *Patterson*, an application for adjustment of claim was timely filed within six months of the injury which occurred on February 8, 1946.[8] The commission made an award of temporary disability but reserved jurisdiction because the employee's condition was not yet stationary. On May 26, 1950, the employee filed an application against the Subsequent Injuries Fund upon which an award was made. This award was affirmed by the Supreme Court on the ground that the petition was filed within the five-year period provided by section 5410. In the *Clubb* case, the injury occurred on July 27, 1949. An application for adjustment of claim was timely filed against the employer. These proceedings were then terminated by a commission approved compromise and release.[9] On June 28, 1955, more than five years after the date of injury and after the above compromise and release of claims against the employer, the injured employee applied to join the Subsequent Injuries Fund. This court

---

[8] Labor Code section 5405 prior to its amendment in 1947 provided for a basic limitation period of ''six months from the date of injury, or from the date of the last payment of compensation, or agreement therefor, or the expiration of any period covered by such payment.''

[9] In the *Clubb* case, *supra*, the record shows that an award of temporary total disability and medical treatment was made. Subsequently, applicant's petition for permanent disability was denied. Thereafter, compromise and release of all applicant's claims against the employer was approved by the commission on June 10, 1955.

annulled the award against the fund, holding that under the ruling in the *Patterson* case, section 5410 barred the petition filed more than five years after the injury. In the *Pranzitelli* case, the injury occurred on November 11, 1949.[10] On October 8, 1953, the commission awarded permanent disability against the defendant carrier but on the ground that applicant was already totally disabled, denied benefits against the Subsequent Injuries Fund. Subsequently, in view of the ruling in *Smith* v. *Industrial Acc. Com.*, 44 Cal.2d 364 [282 P.2d 64], and within five years of the date of injury, the applicant filed a petition to reopen against the Subsequent Injuries Fund. After the expiration of such five-year period, the commission, upon such petition, amended the findings and award of October 8, 1953, to grant applicant benefits against the fund (although it lacked jurisdiction to amend the award against the employer's carrier). This court affirmed such order since the petition therefor had been timely filed within the five-year period.

In all three of the foregoing cases an award (in *Clubb*, an approved compromise and release) had been made on an application against the employer for normal compensation. In all three, the later petition for subsequent injuries payments could be regarded as a claim for ''a new and further disability'' just as a later petition for permanent disability rating would be held such a claim. In all three, a ''proceeding'' for normal compensation had been commenced which would satisfy the condition for the operation of section 5410. In all three, ''the employee has invoked a determination by the commission of the question of his disability, and having done so there is no reason why he should not ask the commission to determine not only the extent of that disability but by whom it is to be compensated'' (*Ferguson* case, p. 60 of 178 Cal.App.2d).

The circumstances of the *Ferguson* case (as of this case before us) were entirely different. Ferguson was not required to invoke the ''continuing jurisdiction'' of the commission in respect to his application for normal compensation. His right to commence proceedings for benefits had not been barred by

---

[10]In the *Pranzitelli* case (Civ. No. 17580, First Dist., Div. One) the original application for adjustment of claim was timely filed on June 12, 1950, against the employer. An award of temporary total disability was made on August 7, 1950. On August 31, 1951, an amended application for adjustment of claim was filed against the Subsequent Injuries Fund. An application for permanent disability filed therewith was denied on November 20, 1951.

section 5405. Although commenced more than five years after the injury, such proceedings were timely commenced, under the facts in *Ferguson,* within the provisions of subdivision (c) of section 5405 (the last furnishing of medical treatment). Whether compensation had been voluntarily paid or not was immaterial, since *Ferguson* was not required to satisfy also the limitations period prescribed by subdivision (b) of section 5405. "[H]e is given the right to delay asking the commission to determine the extent of his disability until one year after the cessation of medical treatment, and it follows that his right to have the question of who is to compensate him for that disability must necessarily be delayed likewise." (*Ferguson* case, pp. 60-61 of 178 Cal.App.2d.)

We next consider briefly our quotation in the *Ferguson* case (pp. 58-59) of a portion of the opinion in *Broadway-Locust Co.* v. *Industrial Acc. Com.,* 92 Cal.App.2d 287, 290 [206 P.2d 856], repeated hereafter. The Attorney General seizes upon a reference in such quotation to "compensation voluntarily paid" as the distinguishing point between *Ferguson* and the case before us. We feel that both the holding of the *Broadway-Locust Co.* case and our quotation from it must be examined in their proper context.

*Broadway-Locust Co.* v. *Industrial Acc. Com., supra,* had nothing to do with subsequent injuries payments. It involved only normal compensation, and, on settled principles held that after a finding by the commission of temporary total disability upon an application timely filed within the provisions of section 5405, a petition for permanent disability filed after the expiration of the period prescribed by section 5410 (at that time 245 weeks) being a claim for a "new and further disability" was filed too late. The court there stated: "It has been held that where an award for temporary disability has been made or compensation voluntarily paid, permanent disability resulting from the injury is a new and further disability within the meaning of section 5410 and that the proceedings are governed by that section. (*Gobel* v. *Industrial Acc. Com.,* 1 Cal.2d 100 [33 P.2d 413] ; *Furness Pac. Ltd.* v. *Industrial Acc. Com.,* 74 Cal.App.2d 324 [168 P.2d 761] ; *Cowell L. & C. Co.* v. *Industrial Acc. Com.,* 211 Cal. 154 [294 P. 703, 72 A.L.R. 1118], and cases cited.)"

In all of the four preceding cases, i.e., in the *Broadway-Locust Co.* case and in the three above cases cited therein, the applicant was invoking the "continuing jurisdiction" of the commission. In none of them was the application or petition

which was the subject of review, an application, filed within the time prescribed by the basic statute of limitations, and invoking the *original* power of decision of the commission. This procedural background is implicit in the language which we quoted from *Broadway-Locust Co.*

Our reference to this quoted language, as we have already stated hereinabove, was simply to point out "the reason that section 5410 has been held applicable to proceedings for benefits from the fund" (*Ferguson* case, *supra*, p. 58) in the *Patterson, Clubb* and *Pranzitelli* cases, namely that a petition against the fund should be equated with a petition for permanent disability and where a proceeding had already been commenced before the commission there was no reason why the commission should not determine aggravated permanent disability[11] for subsequent injuries payments just as it should determine "permanent disability" for normal compensation payments.

After referring to the *Broadway-Locust Co.* opinion this court in *Ferguson* then continued: "But where, as here, neither of these things has occurred, and a proceeding is brought for the first time to have disability determined, such disability is not 'a new and further disability' resulting from the injury. It is *the* disability resulting from the injury." (*Ferguson* case, *supra*, p. 59.) The foregoing must be read in the full context of our opinion, namely in the light of the fact that Ferguson's application for normal compensation was brought *after* the *expiration of the five-year period* but still within the period of time prescribed by subdivision (c) of section 5405. Hence, it was not a proceeding for normal compensation brought *within* the five-year period and after either a prior award or a prior voluntary payment of compensation (*cf. Broadway-Locust Co.* v. *Industrial Acc. Com., supra,* 92 Cal.App.2d 287, and cases there cited).

In such context, our allusion to the fact that in *Ferguson* there had previously been neither an award for temporary disability nor compensation voluntarily paid ("[b]ut where, as here, neither of these things has occurred"—*Ferguson,* p. 59) does not as a total statement present the decisive point of the reasoning. Since Ferguson's application had been timely brought within the period of the basic statute of limitations, it is clear that whether or not he had been voluntarily

---

[11]Section 4751, Labor Code, requires a resultant "permanent disability equal to 70 per cent or more of total . . ."

paid compensation made no difference. The decisive point of our reasoning was that a proceeding had been brought for the first time to have disability determined, and such proceeding had been timely commenced within the terms of section 5405.

This court, therefore, held in *Ferguson* that the proceeding to collect *normal compensation* was not one for a new and further disability (the applicant not invoking the continuing jurisdiction of the commission) but one to determine *the* disability (the applicant invoking the original power of decision of the commission after five years but within the period prescribed by section 5405, *cf. Ocean Acc. & Guar. Corp., Ltd.* v. *Industrial Acc. Com. (Pavlovich) supra,* 90 Cal.App. 725) and that the concurrent proceeding, geared to the proceeding for normal compensation, was similarly not one for a new and further disability. The identical issue is presented in the case before us.

Paraphrasing our language in the *Ferguson* case (*supra*, p. 60 of 178 Cal.App.2d), the applicant before us, Ernest H. Busch, is given the right to delay asking the commission to determine the extent of his disability until within one year after the last payment of compensation; it follows that his right to have the question of who is to compensate him for that disability must also necessarily be delayed.

Finally, the Attorney General complains that if claims against the fund are filed long after the date of injury and after five years from such date, the proper defense of such claims will be impeded and in many cases made virtually impossible. The same complaint was made in both the *Patterson* and *Ferguson* cases and must therefore be given the same answer here, namely, that "all provisions pertaining to periods of limitation, are peculiarly and primarily for the Legislature. If the Attorney General is having difficulty in protecting the fund because of the circumstances appearing here such difficulty, however grave it may be, appears to be one which can be corrected only by the Legislature." (39 Cal.2d 92.)

We therefore hold that in the case before us the claim of Ernest H. Busch for normal compensation for permanent disability, although filed more than five years after the date of his injury, was nevertheless timely filed within the one year from the last voluntary payment of compensation and within the period prescribed by subdivision (b) of section 5405 of the Labor Code; that such claim invoked the original

power of decision of the commission and not the continuing jurisdiction exercised by the commission under section 5410 of the Labor Code; that the claim of Busch for subsequent injuries payments and to determine aggravated permanent disability concurrently with the aforesaid permanent disability, being geared to Busch's claim for normal compensation, was also timely filed within the period prescribed by subdivision (b) of section 5405; that such claim also properly invoked the original power of decision of the commission rather than the continuing jurisdiction exercised by the commission under section 5410.

The award is affirmed.

Bray, P. J., and Tobriner, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 7, 1962.