[L.A. No. 29642. In Bank. Feb. 26, 1970.]

SUBSEQUENT INJURIES FUND, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
ARCHIE WOODBURN, Respondents.

## COUNSEL

Thomas C. Lynch, Attorney General, Harold B. Haas, Assistant Attorney General, William L. Zessar and Jerold A. Prod, Deputy Attorneys General, for Petitioner.

Everett A. Corten, Nathan Mudge, Sheldon M. Ziff and Nicholas C. Byhower for Respondents.

## OPINION

**MOSK, J.**—This is also a companion case to *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd.* (*Talcott*) *ante,* page 56 [84 Cal.Rptr. 140, 465 P.2d 28].

Archie Woodburn (hereinafter called respondent) contracted tuberculosis while he worked at a hospital between March 6, 1957, and December 31, 1958. He was aware in January 1959 that the disease was of industrial origin. From 1959 onward the employer's carrier voluntarily paid him benefits. On November 30, 1964, he filed a claim for normal compensation benefits against his employer and its insurance carrier. In December 1965 the Industrial Accident Commission (now the Workmen's Compensation Appeals Board, hereinafter the Board) issued findings and an award attributing 65 percent of respondent's disability to the industrial injury and the remainder to preexisting emphysema. This was based upon a doctor's report apportioning 65 percent of disability to the later injury and 35 percent to respondent's prior impairment. An application for benefits against the

Subsequent Injuries Fund (hereinafter called the Fund) was not filed by respondent until January 1967.

The Board found that the claim was not barred because the award made in December 1965 (as supplemented by a later award) required the employer to make disability payments until July 26, 1966. Therefore, concluded the Board, the application against the Fund was timely under section 5405 because made within a year of the time benefits were provided by the employer.

This case is factually similar to *Subsequent Injuries Fund* v. *Industrial Acc. Com. (Ferguson)* (1960) 178 Cal.App.2d 55 [2 Cal.Rptr. 646], and *State of California* v. *Ind. Acc. Com. (Busch)* (1962) 198 Cal.App.2d 818 [18 Cal.Rptr. 458], in that the employer voluntarily paid benefits until more than five years after the date of respondent's injury and respondent did not file an application for normal compensation within that period. However, unlike the applicants in those cases, respondent failed to simultaneously bring proceedings against the Fund and the employer. Instead, he made application for normal benefits against his employer and applied for subsequent injuries benefits after he had received a permanent disability rating against his employer. This was more than one year after voluntary benefits had been terminated. Under the holdings in *Ferguson* and *Busch* respondent's action against the Fund would be barred.

■ Whether respondent should reasonably be deemed to have known prior to the time his proceeding against the Fund would have been barred that there was a substantial likelihood he would be entitled to subsequent injuries benefits is a question of fact for the Board. ■ Under the rule prescribed in *Talcott* the Board must also determine whether respondent delayed an unreasonable time in filing for subsequent injuries benefits after he was aware from the Board's findings on the issue of permanent disability that the Fund would probably be liable.

The decision of the Board is annulled and the cause is remanded to the Board for further proceedings consistent with the views expressed herein.

Tobriner, Acting C. J., McComb, J., Peters, J., and Burke, J., concurred.

**SULLIVAN, J.**—I dissent.

For the reasons set forth in my dissenting opinion in *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd. (Talcott) ante,* page 56 [84 Cal.Rptr. 140, 465 P.2d 28], I am of the opinion that the award of subsequent injuries benefits to the applicant herein should be annulled upon the ground that his claim therefor was barred by the provisions of sections 5405 and 5410 of the Labor Code. (See *Subse-*

*quent etc. Fund* v. *Ind. Acc. Com. (Patterson)* (1952) 39 Cal.2d 83 [244 P.2d 889]; *Subsequent Injuries Fund* v. *I.A.C. (Pranzitelli)* (1957) 151 Cal.App.2d 606 [312 P.2d 78]; *State of Cal.* v. *Industrial Acc. Com. (Clubb)* (1957) 155 Cal.App.2d 288 [318 P.2d 34]; *Subsequent etc. Fund* v. *Ind. Acc. Com. (Ferguson)* (1960) 178 Cal.App.2d 55 [2 Cal.Rptr. 646]; *State of California* v. *Ind. Acc. Com. (Busch)* (1962) 198 Cal.App.2d 818 [18 Cal.Rptr. 458].)

Petitioner's application for a rehearing was denied March 25, 1970. Sullivan, J., was of the opinion that the petition should be granted.