[No. A043016. First Dist., Div. Four. Dec. 15, 1989.]

ROBERT YOUNGBLOOD, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CITY
AND COUNTY OF SAN FRANCISCO, Respondents.

COUNSEL

Kathryn E. Ringgold and Ringgold & Ayoob for Petitioner.

Louise H. Renne, City Attorney, and Nivedita Glace for Respondents.

OPINION

ANDERSON, P. J.—Petitioner Robert Youngblood (applicant) seeks review of a decision of the Workers' Compensation Appeals Board (Board) which held that it did not have jurisdiction under Labor Code[1] section 5404 and sections 5803 through 5805 to consider applicant's request for rehabilitation presented after five years from the date of injury. The Board further held that section 5405.5 applies only to initial requests for rehabilitation. Applicant contends that his request for rehabilitation, although not an initial request, is timely under section 5405.5 because it was presented within one year of the last finding of permanent disability. City and County of San Francisco (City) argues that applicant's request for rehabilitation is barred by the five-year limitation in section 5410. We affirm the Board's decision.

FACTUAL AND PROCEDURAL HISTORY

Applicant, born May 17, 1939, sustained an industrial injury to his right knee on October 3, 1978, while working as a motor coach operator for City. Findings and award issued on March 9, 1982. Applicant was awarded a permanent disability of 22 percent and future medical treatment.

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

Applicant also requested vocational rehabilitation, and apparently initiated proceedings before the rehabilitation bureau (Bureau) sometime in 1982. On July 8, 1982, following the opinion of an independent medical examiner, the Bureau issued a decision and order, finding that applicant was not a qualified injured worker eligible for rehabilitation benefits under section 139.5. Applicant did not appeal the Bureau decision.

On May 4, 1983, applicant filed a petition to reopen under section 5410,[2] alleging that his condition had worsened and requesting that his claim "be reopened for purposes of finding new and further permanent disability." The petition did not allege the need for vocational rehabilitation as a ground for reopening.

On September 22, 1983, applicant filed the report of David Chittenden, M.D., dated August 18, 1983, in support of his petition to reopen. Dr. Chittenden stated that applicant was not able to return to work as a bus driver as a result of the industrial knee injury. He also determined that applicant's ratable permanent disability had increased to a limitation to light work under the guidelines for work capacity.

On May 17, 1985, a conference was held before the workers' compensation judge (WCJ). The WCJ's minutes reflect the issues discussed. There is no mention of a claim for vocational rehabilitation. A hearing was held before the WCJ on September 9, 1985. Entitlement to vocational rehabilitation was not raised.

Applicant testified regarding his injuries, physical limitations, and medical treatment. He also testified that he had not been employed, that he was retired, and that he had received some monies from a private disability policy until October 1983. There was no mention whatsoever regarding vocational rehabilitation, either that applicant might be interested in it or that he was requesting it.

Further findings and award issued on August 15, 1986. Finding that applicant's permanent disability had increased to 53 percent, the WCJ granted applicant's petition to reopen for new and further disability.[3] The

---

[2] As pertinent, section 5410 reads: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of injury upon the ground that the original injury has caused new and further disability or the need for vocational rehabilitation benefits. The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction at all times within this period. . . ."

[3] The WCJ also awarded an additional period of temporary disability which was annulled by the Board because it was not warranted under section 4656.

WCJ made no findings regarding vocational rehabilitation. Applicant did not petition for reconsideration.

By letter to City dated October 27, 1986, over eight years from the date of injury, but within one year from the last finding of permanent disability, applicant requested rehabilitation.[4] City did not provide rehabilitation and applicant sought a decision and order from the Bureau which issued on July 22, 1987, finding that City was not obliged to provide rehabilitation because the issue of whether applicant was a qualified injured worker was addressed in 1982 and more than five years had elapsed since the industrial injury.

Applicant appealed the Bureau decision which was upheld by the WCJ on February 17, 1988. The Board issued its decision denying applicant's petition for reconsideration on June 6, 1988.

Relying on *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd.* (1982) 137 Cal.App.3d 665 [187 Cal.Rptr. 226], the Board concluded that applicant's request for rehabilitation was untimely under sections 5803 through 5805.[5] At the time of the *Bekins* decision, not one of the limitation statutes stated on its face that it applied to requests for vocational rehabilitation under section 139.5. The issue in *Bekins* was whether sections 5410 and 5803-5804 applied to claims for rehabilitation filed after findings and award had issued as to other benefits, but within five years from the date of injury. Relying on section 5404,[6] the *Bekins* court determined that when an

---

[4] The letter from applicant's counsel stated: "Since there has been new and further permanent disability found in connection to our Petition, please advise as to whether or not you will offer rehabilitation to [applicant] without further litigation."

[5] Section 5803 reads in part: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards . . . and the decisions and orders of the rehabilitation unit established under Section 139.5. At any time . . . the appeals board may rescind, alter, or amend any order, decision or award, good cause appearing therefor. [¶] This power includes the right to review, grant or regrant, diminish, increase, or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability . . . has either recurred, increased, diminished, or terminated."

Section 5804 reads in part: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years . . . ."

Section 5805 reads: "Any order, decision, or award rescinding, altering or amending a prior order, decision, or award shall have the effect herein provided for original orders, decisions, and awards."

[6] Section 5404 reads: "Unless compensation is paid within the time limited in this chapter for the institution of proceedings for its collection, the right to institute such proceedings is barred. The timely filing of an application with the appeals board by any party in interest for any part of the compensation defined by Section 3207 renders this chapter inoperative as to all further claims by such party against the defendants therein named for compensation aris-

application for adjudication is timely filed, the right to request rehabilitation benefits not initially sought is governed by sections 5803 through 5805. (*Id.,* at p. 670.) Thus, the court treated the request for rehabilitation filed with the Bureau as a petition to reopen under sections 5803-5804, finding that the request alone met the requirement of good cause to reopen the prior award. (*Id.,* at pp. 671-673.) As such, the Board could exercise its power to amend the previous award under section 5803, and order the provision of rehabilitation benefits.

### STATUTES OF LIMITATION—BACKGROUND

In California, the statutes of limitation consist of several provisions with varying limits of time depending on the particular situation. (§§ 5404-5412.) Section 5405 sets forth the basic time limitation for filing an application for workers' compensation benefits and invoking the Board's original jurisdiction. It provides that the limitation period for normal benefits (medical and disability) is one year from whichever of the following results in the longest period: (a) the date of the injury; (b) the date of the last indemnity payment for temporary or permanent disability; or (c) the date of the last furnishing of any medical or hospital benefits. (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1988) § 18.03[1], pp. 18-12–18-13.)

When section 5405, subdivision (a), is tolled by the voluntary furnishing of benefits, the five-year rule of section 5410 is in turn triggered. (*Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 287, 290 [54 Cal.Rptr. 100, 419 P.2d 164].) In this situation, that is, after the voluntary payment of benefits, section 5410 extends the period within which an original proceeding may be instituted from one to five years on the ground that the injury has resulted in further disability or a need for vocational rehabilitation. (*Id.,* at pp. 290-291; *Pizza Hut of San Diego, Inc.* v. *Workers' Comp. Appeals Bd.* (1978) 76 Cal.App.3d 818, 822-824 [143 Cal.Rptr. 131].)

Section 5405, subdivisions (b) and (c), operate to extend the time for filing original claims beyond the five-year limitation of section 5410 when benefits continue to be paid voluntarily, without award, beyond that five-year period. (*State of California* v. *Ind. Acc. Com.* (*Busch*) (1962) 198 Cal.App.2d 818, 827 [18 Cal.Rptr. 458]; *Subsequent Injuries Fund* v. *Industrial Acc. Com.* (*Ferguson*) (1960) 178 Cal.App.2d 55, 59-61 [2 Cal.Rptr. 646].)

---

ing from that injury, and the right to present such further claims is governed by Sections 5803 to 5805, inclusive."

The filing of an initial application for adjudication of claim institutes proceedings for workers' compensation benefits before the Board. (§ 5500.) The timely filing of an application with the Board for any part of the compensation defined in section 3207, including vocational rehabilitation, renders the statutes of limitation inoperative as to any subsequent proceedings for benefits referable to the same injury. (§ 5404; *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd., supra,* 137 Cal.App.3d at p. 668.) All further proceedings are governed by the five-year limitation provided in sections 5410 and 5804. (*Ibid.*) Section 5410 and sections 5803 through 5805, read together, cover the entire spectrum of the Board's continuing jurisdiction. (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (1988) § 9.01[2], pp. 9-5–9-6.)[7]

On January 1, 1983, subsequent to the *Bekins* decision, specific limitations applicable to requests for vocational rehabilitation benefits under section 139.5 were codified. (§§ 139.5, 5405.5, 5410, 5803; Stats. 1982, ch. 922, §§ 2, 14-16, pp. 3365, 3371-3372.) Section 5803 was amended to give the Board continuing jurisdiction over the decisions and orders of the Bureau under section 139.5, and section 139.5 was amended to provide that requests for rehabilitation are governed by sections 5405.5, 5410, and 5803. (Stats. 1982, ch. 922, §§ 2, 16, pp. 3365, 3372.) Section 5410 was amended to add "vocational rehabilitation," in addition to "new and further disability," as a specific ground for reopening a prior decision, or for initiating an original claim within five years after the date of injury.

The Legislature also enacted section 5405.5, which reads: *"Except as otherwise provided in Section 5410,* the period within which an employee may request vocational rehabilitation benefits provided by Section 139.5 is one year from the date of the last finding of permanent disability by the appeals board, or one year from the date the appeals board approved a compromise and release of other issues." (Italics added.)

### DISCUSSION

■   Our task is to interpret section 5405.5 and to determine its effect on applicant's claim for rehabilitation when it is read together with section 5410 and sections 5803 through 5805.

■   Our role is to ascertain the intent of the Legislature so as to effect the purpose of the law. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10

---

[7] Under sections 5803-5804, this power necessarily includes the right to petition for new and further disability or vocational rehabilitation under section 5410, but it is not limited to that situation.

Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) In so doing, we are to give significance to the specific language of the act, where possible, in pursuance of the legislative purpose. (*Ibid.*) It is our responsibility to harmonize the various parts of the statute with the general tenor and scope of the statutory framework as a whole. (*Ibid.*)

■ We concur with the Board's determination that section 5405.5 was enacted as a statute of limitation for initial or original requests for rehabilitation benefits where entitlement to such has not been previously adjudicated. With the enactment of section 5405.5, the Legislature clearly intended to extend the time within which an injured employee may file an initial request for rehabilitation benefits. In much the same way as subdivisions (b) and (c) of section 5405 operate (see *State of California* v. *Ind. Acc. Com.* (*Busch*), *supra*, 198 Cal.App.2d at p. 827; *Subsequent Injuries Fund* v. *Industrial Acc. Com.* (*Ferguson*), *supra*, 178 Cal.App.2d at pp. 59-61), section 5405.5 operates to provide that an initial or original request for rehabilitation may be made after five years from the date of injury, as long as the request for rehabilitation is filed within one year from the last finding of permanent disability or the approval of a compromise and release of other issues.

Our interpretation takes into consideration the location of section 5405.5 in the workers' compensation statutory scheme. It is in accord with the Legislature's reference, "[e]xcept as otherwise provided in [s]ection 5410," on the face of section 5405.5. Furthermore, it recognizes the amendment to section 5803 subjecting orders and decisions of the Bureau to the continuing jurisdiction of the Board. It is also consistent with section 139.5 which expressly provides that the time within which an employee may request rehabilitation is governed by sections 5405.5, 5410, and 5803.

Moreover, this interpretation also gives effect to the specific language of section 5405.5 which provides that an initial request for rehabilitation may be made within one year from the "*last*" finding of permanent disability. The use of the word "last" in this context presumes that if an employee's condition deteriorates after an initial finding of permanent disability, he or she can petition to reopen under section 5410. At that time, he or she can *first* request rehabilitation after the issue of permanent disability has been redetermined, provided the request is made within one year thereafter if more than five years have expired since the date of injury.

■ By so interpreting section 5405.5, we recognize the basic policy that section 139.5 seeks to advance—to encourage participation in vocational

rehabilitation by industrially injured employees to the fullest extent possible, thereby affording them the means for returning to the productive work force and minimizing society's burden of caring for them and their families. (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 244 [193 Cal.Rptr. 547, 666 P.2d 989]; *Moyer* v. *Workmen's Comp. Appeals Bd.*, *supra*, 10 Cal.3d at p. 233.) Furthermore, our interpretation is consistent with the rule of liberal construction which applies to rehabilitation benefits as it does to the rest of the workers' compensation scheme. (§ 3202; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626 [170 Cal.Rptr. 32, 620 P.2d 618]; *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd.*, *supra*, 137 Cal.App.3d at p. 671.)

Under section 5410, an initial request for rehabilitation is timely if made within five years after the date of injury, even though in certain situations it may be that more than one year will have expired since the last finding of permanent disability or the approval of a compromise and release of other issues. Thus, at the very minimum, an injured employee has five years from the date of injury in which to file an initial or original request for rehabilitation. However, where rehabilitation entitlement has been previously adjudicated, neither the Bureau nor the Board has jurisdiction to entertain a further request for rehabilitation, unless it is made within five years from the date of injury. (§§ 5410, 5804.)

Turning to the facts in the matter before us, we find that applicant's request for rehabilitation is not timely. It was not an initial request. Once the Bureau adjudicated the issue of applicant's entitlement to rehabilitation in 1982, all further proceedings regarding rehabilitation were subject to the five-year limitation under sections 5410 and 5804.

Applicant filed a timely petition to reopen under section 5410. However, he allowed the reopened proceedings to conclude by supplemental findings and award without first requesting rehabilitation. Neither did applicant amend the petition to reopen to include a further request for rehabilitation prior to submitting it for decision to the Board; nor did he specifically request at the time of submission that jurisdiction be reserved, which would have allowed the Bureau to consider a future request for rehabilitation benefits after the five-year period.

Applicant argues that implicit in his petition to reopen was a request for rehabilitation. Relying on *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324 [90 Cal.Rptr. 431, 475 P.2d 663], applicant contends that the petition to reopen was amended to include a request for rehabilitation by

virtue of his letter to City dated October 27, 1986.[8] *Bland* is easily distinguished by one significant fact. In *Bland*, the petition to reopen was still *pending* when the court determined that the timely filed petition reserved the jurisdiction of the Board to award further temporary disability after the five-year period, even though a request for such had not been set forth specifically in the body of the petition. (*Id.*, at pp. 333-334.)

Had applicant's petition to reopen herein been pending at the time of his request for vocational rehabilitation on October 27, 1986, the Bureau, as well as the Board, would have been vested with jurisdiction to consider his request for rehabilitation. (*Bland* v. *Workmen's Comp. App. Bd.*, *supra*, 3 Cal.3d at pp. 333-334.) However, once the findings and award became final as to the petition to reopen, neither the Board nor the Bureau had jurisdiction to consider a request for rehabilitation made after five years from the date of injury.[9]

Relying on *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204 [69 Cal.Rptr. 516], applicant further argues that Dr. Chittenden's report, filed before the five-year period elapsed, and the timely filed petition to reopen, constitute a timely request for rehabilitation. In *Beaida,* the employee failed to file a formal petition to reopen for new and further disability within five years from the date of injury. However, one of the treating physicians directed a report to the Board which was received within the five-year period. In the report, the doctor discussed the change and increase in applicant's permanent disability. The court treated the report as a petition to reopen and held that it constituted good cause under section 5803 to reopen to award new and further disability. (*Id.*, at p. 210.) Since the report was filed before the expiration of the five-year limitation period, any lack of specificity was held to be curable by amendment. (*Ibid.*)

*Beaida* is not applicable to the facts before us. Applicant filed a petition to reopen for new and further disability within the five-year period. Applicant had the opportunity to amend the petition to include a request for rehabilitation or to reserve jurisdiction regarding rehabilitation when the matter was submitted to the Board for decision. Applicant failed to do either. He cannot now argue that the filing of Dr. Chittenden's report within the five-year period excuses this failure.

---

[8] See footnote 4, *ante*.

[9] *Poole* v. *Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 694 [259 Cal.Rptr. 564], is distinguished. In *Poole*, the employee's request for rehabilitation, presented after five years from the date of injury, was timely because the court found that the Bureau order suspending rehabilitation for an indefinite period of time involved an implicit reservation of jurisdiction to award further rehabilitation benefits. (*Id.*, at p. 698.) In the instant case, the Bureau did not suspend rehabilitation; it determined that applicant was not a qualified injured worker.

The fact that City received Dr. Chittenden's report prior to the expiration of the five-year period is irrelevant. Neither the Bureau nor the Board had jurisdiction under these facts to consider applicant's request for rehabilitation presented after five years from the date of injury.

■ Applicant argues that City should be estopped from asserting that applicant's request for rehabilitation was not timely because City breached its duty to report applicant's disability status with the Bureau upon receipt of Dr. Chittenden's report. We disagree. At the time, California Code of Regulations, title 8, section 10004, required an employer to report disability status to the Bureau immediately upon knowledge that an injured employee was unlikely to be able to return to his or her usual and customary occupation, or immediately following 180 days of total disability.[10] In *Webb* v. *Workers' Comp. Appeals Bd.*, *supra*, 28 Cal.3d 621, the Supreme Court held that an employer is liable for vocational-rehabilitation temporary-disability indemnity from the date of its breach of the duty to file a disability status report. (*Id.*, at p. 632.) In *Webb*, however, the Supreme Court was clearly concerned with the situation where there had been no prior request for rehabilitation or adjudication of rehabilitation entitlement, and where the employee did not know about his right to rehabilitation benefits. The court emphasized that the purpose of the reporting requirement was to aid in the process of securing early rehabilitation by also giving the Bureau an opportunity to advise an employee of the right to rehabilitation and to encourage early participation. (*Ibid.*)

The concerns addressed in *Webb* are not relevant herein. Applicant knew he had a right to rehabilitation. He also was aware of the procedure by which to initiate Bureau action. In 1982 he requested that the Bureau order City to provide rehabilitation. Applicant's failure to request rehabilitation within the five-year period was not due to City's failure to file a disability status report with the Bureau. Once the 1982 Bureau order, finding that applicant was not a qualified injured worker, became final, applicant's right to again request rehabilitation was governed by the five-year limitation in sections 5410 and 5804.

■ Accordingly, the Board correctly concluded that it lacked jurisdiction to award rehabilitation benefits because applicant's request was filed

---

[10] Effective July 1, 1988, the published administrative regulations regarding rehabilitation were extensively revised. Former regulation 10004's provisions regarding the submission of a disability status report were deleted, and the regulations currently provide that a disability status report need only be filed if the parties have a dispute over entitlement to rehabilitation services. (Cal. Code Regs., tit. 8, §§ 10006-10009.)

more than five years after the date of injury. The Board's decision of June 7, 1988, denying reconsideration is affirmed.

Poché, J., and Perley, J., concurred.