[No. A045384. First Dist., Div. One. Aug. 21, 1990.]

PHILLIP O'LOUGHLIN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, FISCHBACH
& MOORE et al., Respondents.

**1520**

Hanna, Brophy, MacLean, McAleer & Jensen and June L. Whelan for Petitioner.

McCarthy & Wakeley and Ellen Wakeley for Respondents.

**NEWSOM, J.**—In this case, we hold that an initial request for vocational rehabilitation benefits is timely under Labor Code section 5405.5[1] where it was presented within one year from the date of the last finding of permanent disability, even though more than five years had elapsed since the date of injury. Petitioner Phillip O'Loughlin (hereafter applicant) seeks review of a decision of the Workers' Compensation Appeals Board (hereafter Board) which held that applicant's request for vocational rehabilitation benefits was barred by the five-year time limitations of sections 5410[2] and 5804.[3] The Board relied on *Sanchez* v. *Delta Lines, Inc.* (1988) 53 Cal. Comp. Cases 535. Subsequent to the filing of the petition herein, Division Four of this district annulled the Board decision in *Sanchez*. (See *Sanchez* v. *Workers' Comp. Appeals Bd.* (1990) 217 Cal.App.3d 346 [226 Cal.Rptr. 21].)

On granting review, we instructed the parties to file letter briefs addressing *Sanchez*. The parties agree that the facts herein are not materially distinguishable from those in *Sanchez*. Applicant and respondent Travelers

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

Section 5405.5 reads: "Except as otherwise provided in Sections *4644* and 5410, the period within which an employee may request vocational rehabilitation benefits *provided by Article 2.6 (commencing with Section 4635) of Part 2 of Chapter 2* is one year from the date of the last finding of permanent disability by the appeals board, or one year from the date the appeals board approved a compromise and release of other issues." (Italicized portion amended by Stats. 1989, ch. 892, § 48, No. 5 Deering's Adv. Legis. Service, p. 2995.)

[2] As pertinent, section 5410 reads: "Nothing in this chapter shall bar the right of any injured worker to institute proceedings for the collection of compensation, including vocational rehabilitation services, within five years after the date of the injury upon the ground that the original injury has caused new and further disability *or that the provision of vocational rehabilitation services has become feasible because the employee's medical condition has improved or because of other factors not capable of determination at the time the employer's liability for vocational rehabilitation services otherwise terminated.* The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction within this period." (Italicized portion amended by Stats. 1989, ch. 892, § 49, No. 5 Deering's Adv. Legis. Service, pp. 2995-2996.)

The 1989 amendment does not affect the outcome in the matter before us.

[3] As pertinent, section 5804 provides: "No award of compensation shall be rescinded, altered, or amended after five years from the date of injury except upon a petition by a party in interest filed within such five years."

Insurance Company (hereafter respondent) also agree that *Sanchez* correctly interprets section 5405.5 to extend beyond five years from the date of injury, under certain circumstances, the time limitation for making an initial request for rehabilitation services. Respondent, however, contends that *Sanchez* erred in holding that section 5405.5 applied to an industrial injury which occurred before its effective date of January 1, 1983. We disagree. For the reasons discussed below, we follow *Sanchez* in its entirety and annul the Board decision.

FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 1980, applicant sustained an industrial injury to his feet, ankles and wrist while working as a sign hanger and serviceman for Fischbach & Moore, insured by respondent. On January 15, 1986, the parties entered into a stipulated award for temporary disability, permanent disability of 21½ percent, and future medical treatment.

On July 10, 1986, more than five years after the date of his injury, but within one year from the last finding of permanent disability, applicant filed an initial request for vocational rehabilitation services with the Bureau of Rehabilitation (hereafter Bureau).

On May 7, 1987, the Bureau denied applicant's request for rehabilitation benefits, stating that it did not believe that it had jurisdiction to order rehabilitation services beyond five years from the date of injury where the injury occurred prior to January 1, 1983.

On May 21, 1987, applicant appealed the Bureau decision. The matter was assigned for hearing to workers' compensation judge (hereafter WCJ) Valerie Chapla. On November 13, 1987, WCJ Chapla issued supplemental findings of fact and award, determining that applicant's request for rehabilitation was timely under section 5405.5. While applicant's date of injury occurred prior to the enactment date of January 1, 1983, opined the WCJ, his right to request rehabilitation benefits was not yet barred as of that date, and therefore, was timely.

On December 7, 1987, respondent sought reconsideration. On January 25, 1988, against the recommendation of WCJ Chapla, the Board granted reconsideration. On February 21, 1989, the Board issued its decision, rescinding the WCJ's findings and affirming the Bureau decision.

DISCUSSION

■ Section 5405.5 extends the time for filing an initial request for rehabilitation benefits beyond five years from the date of injury, as long as the

request is filed within one year from the Board's last finding of permanent disability, or within one year from the date of Board approval of a compromise and release of other issues. (*Sanchez v. Workers' Comp. Appeals Bd., supra*, 217 Cal.App.3d at pp. 354-355; *Youngblood v. Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 764, 772 [265 Cal.Rptr. 211].)

In the matter before us, the Board treated applicant's request for rehabilitation as a petition to reopen. Citing *Bekins Moving & Storage Co. v. Workers' Comp. Appeals Bd.* (1982) 137 Cal.App.3d 665 [187 Cal.Rptr. 226], it concluded that applicant's request was barred by the five-year statutes of limitation under sections 5410 and 5804. This position, however, was soundly rejected in *Sanchez v. Workers' Comp. Appeals Bd., supra*, 217 Cal.App.3d 346, because *Bekins* had been decided prior to the effective date of section 5405.5. (*Id.* at p. 355, fn. 10.) The Board's reliance on *Bekins* is patently misplaced. It is contrary to the distinct language of section 5405.5, and it directly contradicts *Sanchez*, which we find controlling. (*Ibid.*; accord *Youngblood v. Workers' Comp. Appeals Bd., supra*, 216 Cal.App.3d at p. 772.)

Here, January 15, 1986, was the date of the last finding of permanent disability by the Board. Subsequently, on July 10, 1986, within one year, applicant filed an initial request for rehabilitation services with the Bureau pursuant to the requirements of section 5405.5. Accordingly, his request was timely. (*Sanchez, supra*, 217 Cal.App.3d at p. 358.)

▬▬   We proceed now to a discussion of respondent's contention that section 5405.5 is not applicable to applicant's request for rehabilitation because applicant was injured prior to January 1, 1983, the enactment date of section 5405.5. The Board did not address this issue.

▬▬   It has long been established that "[b]efore the limitation period remedy has expired, the Legislature may amend a particular statute so as to *extend* the time." (*Sanchez v. Workers' Comp. Appeals Bd., supra*, 217 Cal.App.3d at p. 358, citing *Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388, 394 [182 P.2d 159]; *Mudd v. McColgan* (1947) 30 Cal.2d 463, 468 [183 P.2d 10]; *Davis & McMillan v. Industrial Acc. Com.* (1926) 198 Cal. 631, 636 [246 P. 1046, 46 A.L.R. 1095].)

▬▬   In the instant matter, applicant was injured on August 8, 1980. Because respondent voluntarily provided workers' compensation benefits,[4] applicant had until August 8, 1985, five years from the date of his injury, to

---

[4] The record indicates that respondent paid applicant temporary disability benefits from August 9, 1980, through October 7, 1980, and from September 18, 1982, through October 11, 1982. Applicant filed his application for adjudication of claim on June 18, 1984.

institute proceedings and request rehabilitation benefits. (§ 5410; *Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 287, 290-291 [54 Cal.Rptr. 100, 419 P.2d 164]; *Pizza Hut of San Diego Inc.* v. *Workers' Comp. Appeals Bd.* (1978) 76 Cal.App.3d 818, 822-824 [143 Cal.Rptr. 131]; cf. *Sanchez* v. *Workers' Comp. Appeals Bd., supra,* 217 Cal.App.3d at p. 358; *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd., supra,* 137 Cal.App.3d at pp. 669-670.) Therefore, on January 1, 1983, applicant was not barred from filing a request for vocational rehabilitation benefits. ██ " 'The period provided by the new law must run on all existing claims in order to constitute a bar.' " (*Davis & McMillan* v. *Industrial Acc. Com., supra,* 198 Cal. at p. 638, quoting Wood on Limitations.) Furthermore, " 'a party has no vested right in the running of a statute of limitation prior to its expiration. He is deemed to suffer no injury if, at the time of an amendment extending the period of limitation for recovery, he is under obligation to pay.' " (*Sanchez, supra,* 217 Cal.App.3d at p. 358, quoting *Mudd* v. *McColgan, supra,* 30 Cal.2d at p. 468; see also *Davis & McMillan, supra,* 198 Cal. at pp. 636-639.)

██ Because the Legislature did not expressly exclude injuries occurring prior to January 1, 1983, when it enacted section 5405.5, applicant's request for rehabilitation on July 10, 1986, filed within one year of the last finding of permanent disability by the Board, was timely. (*Sanchez, supra,* 217 Cal.App.3d at p. 358; *Mudd* v. *McColgan, supra,* 30 Cal.2d at p. 468; *Davis & McMillan, supra,* 198 Cal. at pp. 636-639.)

Respondent, however, argues that *Sanchez* is not persuasive regarding the applicability of section 5405.5 to injuries before January 1, 1983, because this was a "relatively unimportant issue" in *Sanchez.* We disagree. Mr. Sanchez was injured on December 1, 1978. Indeed, his entitlement to rehabilitation benefits was contingent on the court determining that section 5405.5 was applicable to his injury. (See *Sanchez* v. *Workers' Comp. Appeals Bd., supra,* 217 Cal.App.3d at pp. 357-359.) The reasoning in *Sanchez* is sound, and its holding is decidedly on point in the matter before us.

We are not persuaded by the purported opinion of section 5405.5's author, Assemblyman Bruce Young, that section 5405.5 applies only to injuries after January 1, 1983. (See Silberman, Rehabilitation: The California System (4th ed. 1988) p. 427.) First of all, respondent is unable to provide this court with any documentation regarding Assemblyman Young's actual opinion in this matter. Secondly, assuming arguendo that respondent has correctly portrayed Assemblyman Young's opinion, his personal understanding of section 5405.5 is relevant only to the extent that it reflects just that, to wit, his *personal* views. Clearly, it is not indicative of legislative intent because there is no evidence or assurance that other legislators shared

this opinion. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 742 [248 Cal.Rptr. 115, 755 P.2d 299].) A fortiori, the "understanding" of one legislator, for which there is no actual documentation, other than the "recollection" of an author that he heard Assemblyman Young express this opinion at an unidentified "committee meeting," is not evidence of the Legislature's intent in ultimately enacting section 5405.5. (*Ibid.*)

■ It is a long-standing principle that we do not consider as evidence in favor of a particular construction of a statute, the motives or understandings of individual legislators who voted for the bill. (*Lungren* v. *Deukmejian, supra,* 45 Cal.3d at pp. 741-743; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699-702 [170 Cal.Rptr. 817, 621 P.2d 856]; *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 589-591 [128 Cal.Rptr. 427, 546 P.2d 1371].) Nor do we make exception to this rule simply because the legislator whose opinion is offered actually authored the bill. (*Ibid.*)

Moreover, none of the legislative materials sent *to* us by respondent reveal any indication that the Legislature intended section 5405.5 to apply only to injuries after January 1, 1983. The only indicia of legislative intent that we discern from these materials are that the Legislature intended section 5405.5 to be a statute of limitation for rehabilitation. (See Assem. Bill No. 684, Conference Com. Rep. No. 013307, Assem. Office of Research (Aug. 16, 1982), p. 2.)

We conclude that the Board erred in holding that applicant's initial request for rehabilitation was not timely under section 5405.5 where it was presented within one year of the last finding of permanent disability. Accordingly, the Board decision is annulled, and the matter is remanded to the Board for further proceedings consistent with the views expressed herein.

Racanelli, P. J., and Stein, J., concurred.