[No. B141578. Second Dist., Div. Four. Nov. 15, 2000.]

JOSEPHINE MARTINEZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
HUGHES/RAYTHEON, Respondents.

COUNSEL

Leviton, Rabine, Diaz & Whiting and Lawrence R. Whiting for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Robert F. Tardiff, Jr., for Respondent Hughes/Raytheon.

OPINION

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

The Workers' Compensation Appeals Board (WCAB) found that petitioner, Josephine Martinez, failed to participate in vocational rehabilitation (VR) until more than five years from the date of injury and more than one year from the last adjudication of permanent disability. Although Martinez

had timely requested VR, the WCAB concluded benefits were barred by the statute of limitations.

Martinez maintains that jurisdiction for VR benefits continues once properly established, absent an intervening contrary order by the WCAB. We agree, and annul and remand the WCAB's decision for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Josephine Martinez, a master electronic assembler for Hughes Aircraft Company (Hughes), sustained injury to her back and left knee on May 11, 1994, and from August of 1980 to July 22, 1994. When Martinez filed an application for adjudication of claim (application) for each injury, she designated VR as an issue.

In a medical report dated May 8, 1996, by the treating doctor, work restrictions were imposed and Martinez was declared medically eligible for VR.

On January 13, 1998, Martinez was awarded 60 percent permanent disability by a workers' compensation judge (WCJ). After a petition for reconsideration by Hughes was denied by the WCAB and the decision became final, Martinez requested VR by letter to Hughes dated June 4, 1998.

Shortly thereafter, Career Works was assigned to facilitate development of VR. However, Martinez apparently had personal problems and VR was placed on hold.

In a letter dated November 24, 1998, Career Works indicated authorization had been given to recontact Martinez regarding VR. Martinez responded she was interested, but desired to wait until the beginning of next year.

A January 19, 1999, meeting between Martinez and Career Works was rescheduled in writing for October 1, 1999. After Martinez met with Career Works, she demanded weekly benefits, which was rejected by Hughes based on the statute of limitations even though there had never been a request for closure or an act of closure by the Rehabilitation Unit (RU) of the WCAB.

Martinez then filed for dispute resolution with the RU. The RU ruled in favor of Martinez, partly because Hughes failed to provide any opposition.

Hughes appealed the RU's determination to the WCJ. Hughes set forth that Labor Code sections 5410[1] and 5405.5[2] controlled. Although Hughes conceded Martinez had timely requested VR, Hughes contended that the failure to participate until more than five years from the date of injury and more than one year from the last finding of permanent disability barred benefits.

Hughes further alleged Martinez could not interrupt VR without agreement or approval of the administrative director, according to section 4644, subdivision (b).[3] In addition, Hughes asserted closure was irrelevant because Martinez failed to perform any of the conditions allowing termination of liability under section 4644, subdivision (a).[4]

At trial, counsel for Martinez argued that the initial demand for VR was within the statute of limitations periods, and without a request or RU order for termination further demand for benefits beyond the statutory periods was still timely.

The WCJ found Hughes no longer had liability for VR because there was ". . . no actual attempt to participate in vocational rehabilitation services

---

[1]Labor Code section 5410 states in relevant part: "Nothing in this chapter shall bar the right of any injured worker to institute proceedings for the collection of compensation, including vocational rehabilitation services, within five years after the date of the injury upon the ground that the original injury has caused new and further disability or that the provision of vocational rehabilitation services has become feasible because the employee's medical condition has improved or because of other factors not capable of determination at the time the employer's liability for vocational rehabilitation services otherwise terminated. The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction within this period. . . ."

All further reference to a statute is to the Labor Code unless stated otherwise.

[2]Section 5405.5 states: "Except as otherwise provided in Sections 4644 and 5410, the period within which an employee may request vocational rehabilitation benefits provided by Article 2.6 (commencing with Section 4635) of Part 2 of Chapter 2 is one year from the date of the last finding of permanent disability by the appeals board, or one year from the date the appeals board approved a compromise and release of other issues."

[3]Section 4644, subdivision (b) states: "Nothing in this article shall preclude the deferral or interruption of vocational rehabilitation services upon agreement of the employee and employer or, if no agreement can be reached, upon a good cause determination by the administrative director."

[4]Under section 4644, subdivision (a), termination of liability for VR can be granted when: (1) an employee who has received required notice of VR rights declines in the proper form and manner, (2) a VR plan is completed, (3) a VR plan is unreasonably not completed by the employee, (4) the employee fails to request VR within 90 days of notification of entitlement, if the employer reminds the employee after 45 days but not later than 70 days after the notice of eligibility, unless the employee was unable to exercise the right to VR or, (5) the employer offers and the employee accepts or rejects in the proper form and manner modified or alternative work.

until October 1, 1999, a date well outside the 5 year period from the date of injury and more than one year from the date of the last finding of permanent disability by the Board in this matter." In the opinion on decision the WCJ agreed with Hughes that since Martinez could not unilaterally interrupt VR pursuant to section 4644, subdivision (b), and due to her actions closure could not occur according to section 4644, subdivision (a), participation in VR beginning after the statute of limitations periods was barred.

Martinez petitioned the WCAB for reconsideration. Martinez alleged she could unilaterally interrupt VR under California Code of Regulations, title 8, section 10129.1 (hereafter title 8, section 10129.1), subdivision (b),[5] and Hughes did not object or request termination. Since the initial request for VR was admittedly timely and there was no intervening order by the RU divesting jurisdiction,[6] Martinez urged she remained eligible for benefits.

In the report on reconsideration the WCJ restated the reasons for the decision and recommended denial of the petition. The WCAB agreed with the WCJ and denied reconsideration.

Martinez petitioned this court for review. Martinez further alleges jurisdiction was timely invoked under section 5405.5 by her June 4, 1998, VR request, and a petition to reopen under section 5410[7] was unnecessary without prior RU action as indicated by *Youngblood v. Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 764 [265 Cal.Rptr. 211].

---

[5]Title 8, section 10129.1, subdivision (b), operative January 1, 1994, for injuries occurring on or after January 1, 1994, states: "An employee may interrupt rehabilitation services subsequent to accepting services. The interruption shall be for an agreed upon period of time. If the employee had previously agreed to a plan at the time of interruption, the claims administrator shall provide the notice specified in Section 9813(a)(4)."

[6]Examples of cases where RU actions divested jurisdiction are: *Langford v. Workers' Comp. Appeals Bd.* (1991) 56 Cal.Comp.Cases 138 (VR request after five years from date of injury barred after failure to timely object to request for case closure which was granted), and *Reynolds v. Workers' Comp. Appeals Bd.* (1989) 55 Cal.Comp.Cases 3 (request for VR after five years untimely because order retiring file did not reserve jurisdiction).

Jurisdiction can also be reserved by RU action. (*Poole v. Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 694 [259 Cal.Rptr. 564] [implicit jurisdiction beyond five years from the date of injury where VR ordered suspended for medical reasons rather than granting case closure]; *American States Ins. v. Workers' Comp. Appeals Bd.* (1993) 58 Cal.Comp.Cases 155 [jurisdiction impliedly reserved beyond five years from the date of injury by issuance of order approving VR interruption for medical reasons within time limits of § 5410]; *Owens-Illinois, Inc. v. Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp.Cases 886 [jurisdiction reserved beyond five years where indicated in order suspending VR].)

[7]Section 5410 authorizes reopening of a prior award of benefits by a timely petition based upon new and further disability, which has been interpreted to include a recurrence of temporary total disability, a new need for medical treatment, or the change from temporary total disability to permanent disability. (*Nicky Blair's Restaurant v. Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 941 [167 Cal.Rptr. 516].)

In *Youngblood*, section 5405.5 was interpreted as allowing only an "initial" VR request beyond five years from the date of injury but within one year of the last finding of permanent disability. (*Youngblood v. Workers' Comp. Appeals Bd., supra,* 216 Cal.App.3d at p. 772.) However, an adverse adjudication of VR within five years from the date of injury, and not pleading VR in a petition to reopen which was resolved, precluded a VR request by letter to the employer, more than five years from the date of injury but within one year of last finding of permanent disability, from being an "initial" request. (*Id.* at pp. 773-775.)

In addition, Martinez continues to assert Hughes's approval of interruption was not mandatory, however, under title 8, section 10129.1, subdivision (a)[8] because services, or a VR plan, was not provided. Martinez also alleges Hughes accepted interruption by not requesting dispute resolution.

Hughes has not responded.

## DISCUSSION

### I.  *Standard of Review*

The facts in this case are not in dispute. Therefore, application of sections 5410 and 5405.5 to established facts is a matter of law subject to de novo judicial review. (*Granco Steel, Inc. v. Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 191 [65 Cal.Rptr. 287, 436 P.2d 287].)

It is also well recognized that entitlement to VR is one of the most important benefits under the Labor Code. (§ 4635 et seq.; *Estrada v. Workers' Comp. Appeals Bd.* (1997) 58 Cal.App.4th 1458 [69 Cal.Rptr.2d 176]; *Sanchez v. Workers' Comp. Appeals Bd.* (1990) 217 Cal.App.3d 346 [266 Cal.Rptr. 21].) Section 3202 provides that courts should liberally construe, with the purpose of extending benefits, matters which govern all aspects of workers' compensation. (*Arriaga v. County of Alameda* (1995) 9 Cal.4th 1055 [40 Cal.Rptr.2d 116, 892 P.2d 150].) This policy is particularly compelling policy where the right to VR is at stake.

### II.  *Compliance with Section 5410 or 5405.5*

In this case VR was initially raised as an issue in the applications, followed by an award of other benefits. We need not decide, however,

---

[8] Title 8, section 10129.1, subdivision (a) states: "An employee may defer rehabilitation services subsequent to being advised of medical eligibility for services, but prior to accepting services, only if the employer has not offered to provide alternative or modified work not exceeding the medical restrictions."

whether compliance with section 5410 and a petition to reopen were necessary, if Martinez alternatively complied with section 5405.5. (*Sanchez v. Workers' Comp. Appeals Bd., supra,* 217 Cal.App.3d 346, and *O'Loughlin v. Workers' Comp. Appeals Bd.* (1990) 222 Cal.App.3d 1518 [272 Cal.Rptr. 499].)

This determination turns on whether the June 4, 1998, request for VR to Hughes was an "initial" request as addressed by *Youngblood v. Workers' Comp. Appeals Bd., supra,* 216 Cal.App.3d 764. In *Roberts v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 631 [4 Cal.Rptr.2d 576], an injured worker waited to file for VR with the RU more than five years from the date of injury, but within one year of the last finding of permanent disability. Previously, the employee designated VR as an issue on the application, and then demanded VR from the employer before and after five years from the date of injury. The court held that since there had been no adjudication of VR prior to filing with the RU, the filing was the "initial" request and timely under section 5405.5. (*Roberts, supra,* 3 Cal.App.4th at p. 638.)

In *Visalia School Dist. v. Workers' Comp. Appeals Bd.* (1995) 40 Cal.App.4th 1211 [47 Cal.Rptr.2d 696], the injured worker originally raised VR as an issue on the application and called the claims examiner and requested VR more than five years from the date of injury, but within one year of the last finding of permanent disability. The court held that the phone call was sufficient to satisfy section 5405.5 considering the statute is not specific and the WCAB rules allow such contact. (40 Cal.App.4th at p. 1227.) The court further found that a written request or filing with the RU was not the exclusive means to request VR. (*Ibid.*)

In this case there was no prior adjudication of VR before the June 4, 1998, request, which was within one year of the January 13, 1998, last finding of permanent disability. Since Hughes and the WCJ conceded the request was timely, and section 5405.5 does not state how VR must be requested, we find that writing the employer is sufficient under section 5405.5 and filing with the RU is not essential.

Furthermore, section 5405.5 only limits the time to initially request VR, and not the period for completion. Therefore, it was erroneous to require participation by Martinez within one year of the last finding of permanent disability.

III.   *Compliance with Section 5405.5 Notwithstanding VR Interruption*

Similarly, a timely VR request does not somehow become untimely solely because interruption ends beyond the limitations period of section 5405.5.

Thus, we do not have to decide whether Martinez could unilaterally interrupt.

Nor do we agree Hughes was powerless to avoid waiting indefinitely. Hughes could have attempted VR termination under section 4644, subdivision (a). In our view, unreasonably not pursuing a VR plan is part of unreasonably failing to complete a plan. Therefore, Hughes could have unilaterally pursued termination, but did not.

### DISPOSITION

The decision of the WCAB is annulled and the matter is remanded for further proceedings consistent with this opinion.

Epstein, J., and Hastings, J., concurred.